IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ADRIANA SOLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. EP-20-CV-2-KC |
| | § | |
| UNITED MEDICAL CLINIC, P.A., | § | |
| d/b/a UNITED MEDICAL CLINIC, | § | |
| f/k/a UNITED MEDICAL WALK IN | § | |
| CLINIC, P.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is "Plaintiff's Second Motion to Compel Discovery from Defendant" ("Second Motion to Compel"), filed by Plaintiff Adriana Solis ("Plaintiff"). (ECF No. 10). On April 29, 2020, the motion was referred to this Court for determination. (Text Order Referring Motion to Compel, April 29, 2020). For the reasons set forth below, the motion is **GRANTED**.

### I.  BACKGROUND

Plaintiff brings suit against Defendant United Medical Clinic, P.A., d/b/a United Medical Clinic, f/k/a United Medical Walk In Clinic, P.A. ("Defendant") alleging that Defendant did not pay her in accordance with the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, and that Defendant terminated her employment because she complained about the alleged FLSA violation, all in violation of the FLSA. (ECF No. 1-1, at 2–7). On January 4, 2020, Plaintiff served on Defendant "Plaintiff's Rule 34(b) Request for Production of Electronically Stored Information in Native Electronic Formats, Documents and Tangible Things to Defendant;

1

Interrogatories; and Request for Disclosures." (ECF No. 2-1). On January 29, 2020, Defendant responded to Plaintiff's discovery requests. (ECF No. 2-2).

On February 25, 2020, Plaintiff filed a motion to compel ("First Motion to Compel") seeking a court order overruling Defendant's objections, and compelling Defendant to respond, to Interrogatory No. 10 and the related Request for Production ("RFP") Nos. 10A and 10B, on the basis that Defendant's objections were overly broad and the information Plaintiff seeks is relevant. (ECF No. 2). Defendant filed a response in opposition arguing that the information Plaintiff seeks through these discovery requests is not relevant because it is not limited to proper comparators for Plaintiff's FLSA claim. (ECF No. 4).

Interrogatory No. 10 asks Defendant to "[i]dentify by name, job title, last known address and telephone number Defendant's employees who, over the last 4 years, violated the policies identified and described in the immediately preceding interrogatory."[1] (ECF No. 2-1, at 11). Following Interrogatory No. 10 are RFP Nos. 10A and 10B requesting certain employee files of the people identified in the response to Interrogatory No. 10. *Id.* at 11–12. As to Interrogatory No. 10 and the related RFPs, Defendant answered: "Objection. Irrelevant. Not reasonably calculated to lead to the discovery of admissible evidence." (ECF No. 2-2, at 7–9).

The First Motion to Compel was referred to this Court for determination on March 3, 2020. (Text Order Referring Motion to Compel to United States Magistrate Judge Miguel Torres, March 3, 2020). In an order filed on March 6, 2020 (the "March 6 Order"), the Court granted in part and denied in part Plaintiff's First Motion to Compel. (ECF No. 9). The Court granted the motion as

---

[1] These discovery requests follow Interrogatory No. 9, which asks Defendant to "[i]dentify and describe, verbatim, the policies and provide the factual bases pursuant to which Plaintiff was laid off, discharged or, otherwise, separated from employment with Defendant." (ECF No. 2-1, at 11). Defendant responded: "Insubordination. Patient complaints. Not following protocols. Manipulating schedule. Causing disruptions in the clinic. Profane language. Disparaged co-employee." (ECF No. 2-2, at 3, 7) (citing response to Interrogatory No. 5 requesting "every reason why Plaintiff was laid off, discharged or, otherwise, separated from employment with the Defendant").

to Interrogatory No. 10, finding that the information sought is relevant and overruling Defendant's objection because Defendant did not specifically state how such information was not relevant. *Id.* at 6. The Court ordered Defendant to supplement its answers to Interrogatory No. 10 within twenty-one (21) days from the date of the order. *Id.* at 8. As to RFP Nos. 10A and 10B, the Court denied the motion without prejudice finding that those discovery issues were not properly before the Court because Plaintiff did not specifically mention RFP Nos. 10A and 10B in her certification that she attempted to confer on the discovery disputes prior to filing the motion. *Id.* at 7. However, noting that the objections and discovery matters at issue touched on the same arguments of relevancy as Interrogatory No. 10, the Court "urge[d] the parties to consider the case law and reasoning set forth [in the March 6 Order] in an attempt to resolve these disputes without further Court intervention." *Id.*

On April 16, 2020, Plaintiff filed the instant Second Motion to Compel. (ECF No. 10). In this motion, Plaintiff claims that after the issuance of the March 6 Order Defendant did not fully respond to Interrogatory No. 10. *Id.* at 7. Plaintiff further asserts that despite attempts to resolve the disputes as to the requests for the employee files in RFP Nos. 10A and 10B, the parties have not come to a resolution. *Id.* at 3–4.

On April 29, 2020, thirteen days after Plaintiff filed the instant Second Motion to Compel, Defendant filed its response, stating simply:

> In response to Plaintiff's [Second Motion to Compel, Defendant] produced supplemental documentation that should have taken care of any dispute. The coronavirus issues delayed somewhat getting in the documents that had not yet been produced. If Plaintiff's counsel will confer and tell of any documents considered still needed[,] timely production will follow.

(ECF No. 12).

Accordingly, on May 1, 2020, the Court ordered the parties to confer (the "May 1 Order to Confer") regarding the instant discovery disputes and ordered Plaintiff to update the Court within seven days as to whether any discovery disputes remain. (ECF No. 13). Shortly after the May 1 Order to Confer was entered, Plaintiff filed a reply to Defendant's response to the instant motion arguing that Defendant's response was untimely and arguing that "Defendant has not cured its deficiencies, as Defendant has not removed its objections and did not fully respond to the discovery requests." (ECF No. 14).

On May 8, 2020, Plaintiff filed an update after conferring with Defendant, as ordered by the May 1 Order to Confer. (ECF No. 16). Plaintiff stated the parties conferred telephonically on May 7, 2020, but that no resolution had been reached. *Id.* Pursuant to the May 1 Order to Confer, Defendant was provided seven days within which to file a response to Plaintiff's update. (ECF No. 13).

On May 11, 2020, Defendant filed its response indicating that after the conference, Defendant "signed a more complete answer to Interrogatory No. 10 and verified it." (ECF No. 17). As to the dispute regarding RFP Nos. 10A and 10B, Defendant states it did not agree to withdraw its objections but would produce responsive documents when Plaintiff identified "what was still considered to be missing." *Id.* at 1–2. According to Defendant's counsel, Plaintiff's counsel "sent an email narrowing his request and that email was forwarded to [Defendant] and additional documents will be produced, if they exist." *Id.* at 1.

Having received all court-ordered supplemental briefing, the matter is now ripe for disposition.

## II. LEGAL STANDARD

When a party fails to make a disclosure or fails to cooperate in discovery, a party may move for an order compelling such disclosure or discovery and must give notice to other parties and all affected persons. Fed. R. Civ. P. 37(a)(1). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

It is the burden of the "'party resisting discovery [to] show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.'" *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)) (applying this standard to requests for production).

## III. ANALYSIS

A. INTERROGATORY NO. 10

Plaintiff asserts that Defendant has not fully responded to Interrogatory No. 10 as set forth in the Court's March 6 Order because it only identified employees who Defendant terminated despite the interrogatory making no such limitation. (ECF No. 10, at 7). In both its response to the motion and its response after the court-ordered conference, Defendant indicates that responses to

5

these discovery requests are ongoing. (ECF Nos. 12 & 17). However, Defendant has not responded to Plaintiff's substantive arguments in either response. *See* (ECF Nos. 12 & 17).

Interrogatory No. 10 asks Defendant to "[i]dentify by name, job title, last known address and telephone number Defendant's employees who, over the last 4 years, violated the policies identified and described in the immediately preceding interrogatory." (ECF No. 2-1, at 11). In the March 6 Order, the Court found such information to be relevant and overruled Defendant's objections. (ECF No. 9, at 6). The Court ordered Defendant to supplement its answers to Interrogatory No. 10 within twenty-one days of the date of the Order. *Id.* at 8. Defendant supplemented its answer on March 17, 2020, identifying employees who had been terminated "for one or more of the same reasons as [Plaintiff]" during the relevant time period. (ECF No. 10-5, at 2). On May 11, Defendant further supplemented its answer to include current employees and employees who had voluntarily left their employment with Defendant. (ECF No. 17, at 5–6, 11).

Considering Defendant's latest supplement to its response to Interrogatory No. 10, it appears that Defendant has fully answered. However, this answer was made well after the twenty-one days provided in the March 6 Order, after Plaintiff filed the instant Second Motion to Compel, after Defendant had responded to the motion that it had supplemented its answers, and after the parties' court-ordered conference. Defendant has made no argument or justification for such delay other than to say in general terms that Defendant has a small practice and that COVID-19 has slowed things down. *See* (ECF Nos. 12 & 17, at 1–2). While sympathetic to the challenges presented during this time of transition due to COVID-19, the Federal Rules of Civil Procedure, the Local Rules of this District, and court orders remain in effect, and extensions to deadlines must be properly sought.

Further, there is no assurance in the record that this response is a fully complete response *see* (ECF No. 17) (stating Defendant "signed a *more* complete answer") (emphasis added), and the Court is wary of continuing a pattern of requesting updates from the parties as to the status of these disputes. Accordingly, the Court will grant Plaintiff's motion as to Interrogatory No. 10. Defendant shall have seven days from the date of this Order to further supplement, if appropriate, and provide Plaintiff a verified statement that it has fully and completely answered Interrogatory No. 10, notwithstanding any continuing obligations to supplement as required by the Federal Rules of Civil Procedure. Any future motion to compel before this Court regarding the sufficiency and timeliness of Defendant's response to Interrogatory No. 10 that is resolved in favor of Plaintiff may result in sanctions to Defendant or Defendant's counsel, pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure.

### B.  RFP Nos. 10A and 10B

Through RFP Nos. 10A and 10B, Plaintiff seeks the production of ten specified categories of electronic and physical files of the employees and former employees identified by Defendant in Interrogatory No. 10. (ECF No. 2-2, at 7–9). Plaintiff claims the employee files of those identified in Interrogatory No. 10 are relevant because "[i]t is standard in [e]mployment cases to show the disparate treatment in comparator employee files." (ECF No. 10, at 9). Plaintiff further argues that Defendant's objections should be overruled because they do not identify which subsections of RFP Nos. 10A and 10B are irrelevant nor how they are irrelevant. *Id.* at 8–9. Again, in both its response to the motion and its response after the court-ordered conference, Defendant indicates that responses to these discovery requests are ongoing but did not respond to the substance of the discovery dispute. (ECF Nos. 12 & 17).

As previously set forth in this Court's March 6 Order, "[a]s with most federal employment statutes that require a showing of improper motive for which direct evidence is usually lacking, courts evaluate FLSA retaliation claims relying on circumstantial evidence under the evidentiary framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." *Starnes v. Wallace*, 849 F.3d 627, 631 (5th Cir. 2017). Under this framework, a plaintiff must make a prima facie showing of: "(1) participation in a protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action." *Id.* at 631–32 (citing *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008)). If the plaintiff makes a prima facie case then the burden shifts to the defendant "to articulate a legitimate, nonretaliatory reason for the adverse action." *Id.* at 632. If the defendant does so, then the burden shifts back to the plaintiff "to identify evidence from which a jury could conclude that [the defendant's] proffered reason is a pretext for retaliation." *Id.*

"'A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence.'" *White v. Denton Cty.*, 655 F. App'x 1021, 1024–25 (5th Cir. 2016) (quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003))). In *Coughlin v. Lee*, the Fifth Circuit considered a discovery request for personnel files similar to the one in the instant case, reasoning:

> To rebut Lee's assertion of a permissible reason for their discharge, the plaintiffs must prove that the asserted reason was no more than a pretext. Pretext can be demonstrated by circumstantial evidence. The plaintiffs sought discovery of the personnel files of JPSO employees who had arguably been guilty of a variety of infractions more serious than those committed by plaintiffs, but who nevertheless were not discharged by Lee. Allegedly, these employees were political supporters of Lee and had contributed to his campaign fund. Evidence of repeated disparity in the punishment meted out to Lee's supporters and non-supporters is clearly relevant in considering pretext. In Title VII litigation, in which plaintiffs are similarly required to demonstrate pretext, courts have customarily

> allowed a wide discovery of personnel files. All or some parts of these personnel files could be central to the plaintiffs' effort to prove pretext. The information contained therein may be in the exclusive control of the opposing party. We need not resort to a particularly broad definition of "relevance" in this case, however, to conclude that the district court's limitation of discovery constituted an abuse of discretion.

*Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (internal citations omitted); *see also*, *Wilson v. Martin Cty. Hosp. Dist.*, 149 F.R.D. 553, 555 (W.D. Tex. 1993) (concluding that "all or parts of [the relevant] personnel files can be central to plaintiff's effort to prove pretext and are therefore subject to disclosure").

After consideration of the foregoing cases and without making a finding as to the merits of Plaintiff's prima facie case, the Court finds that as a general matter the employee files sought in RFP Nos. 10A and 10B are potentially relevant to any argument of pretext as to Defendant's reason for Plaintiff's termination. Defendant's objections to RFP Nos. 10A and 10B do not specifically show how such information is not relevant, in general or as to each category of information requested. Simply stating that such information is not relevant is not sufficient to make a proper objection. *See Quarles*, 894 F.2d at 1485 ("the 'party resisting discovery must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.'") (applying the standard to requests for production).

Furthermore, Defendant makes no argument to support its objections. *See* (ECF Nos. 12 & 17). Although Defendant asserts in its response to Plaintiff's court-ordered update that Plaintiff's counsel has narrowed the scope of RFP Nos. 10A and 10B, Defendant provides no attachment to support this statement and offers no indication of how the discovery request was narrowed. (ECF No. 17). As before, the Court is wary of prolonging this dispute through continued court-ordered conferences and updates. Accordingly, the Court will grant Plaintiff's motion as to RFP Nos. 10A

and 10B and will overrule Defendant's objections to RFP Nos. 10A and 10B. Defendant shall have twenty-one days within which to produce responsive documents.

## IV.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Second Motion to Compel (ECF No. 10) is **GRANTED**. Defendant's objections to RFP Nos. 10A and 10B are **OVERRULED**.

**IT IS FURTHER ORDERED** that within **seven (7) days** from the date of this Order Defendant shall supplement its answer to Interrogatory No. 10, if appropriate, and provide Plaintiff a verified statement that it has fully and completely answered that interrogatory, notwithstanding any continuing obligations to supplement required by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that within **twenty-one (21) days** from the date of this Order Defendant shall produce responsive documents to RFP Nos. 10A and 10B.

**IT IS FURTHER ORDERED** that within **seven (7) days** of the date of this Order Plaintiff shall file a brief detail of the reasonable expenses incurred in making the instant motion or a statement that she is not seeking an award of such expenses. If Plaintiff is seeking an award of reasonable expenses, Defendant shall have **seven (7) days** thereafter to file its position as to whether the payment to Plaintiff of reasonable expenses incurred in making the instant motion is warranted, as well as whether it was Defendant's conduct or the conduct of Defendant's counsel that necessitated Plaintiff's motion. *See* Fed. R. Civ. P. 37(a)(5).

**SIGNED and ENTERED** this 28th day of May, 2020.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE